JOSHUA T. RANDALL *vs.* EBEN MARBLE.

Somerset.  Opinion April 1, 1879.

*Deed.  Condition subsequent.  Restraint of marriage.*

A condition in restraint of marriage, subsequent and general in its character, annexed to a devise or conveyance from parent to child, is void unless there be a valid limitation over.

A father conveyed to his daughter, with a proviso that the gift should stand if she remained single, otherwise the land to be divided among his three children, the grantee to have fifty dollars the most: *Held*, that the condition was subsequent, general, and void; that a limitation over to one's heirs is of no effect, as a title by descent is the worthier title.

ON REPORT.

WRIT OF ENTRY, wherein the plaintiff seeks to recover one undivided third part of certain real estate described in the writ. It was admitted that the plaintiff is one of the three heirs at law of William B. Randall, under whom he claims his title. That he is entitled to his share of the land unless the full court shall find the title to the whole to be in the defendant from the following agreed facts :

William B. Randall, the father of this plaintiff, on the 18th day of January, 1858, owned and was in the possession of the demanded premises. On that day he delivered to Hannah F. Randall, his daughter, a deed of the premises duly executed, and in the usual form of a deed of warranty; and after the covenant to defend to her and her heirs and assigns, was the following condition : " provided she remain single, otherwise it is to be divided among my three children, Hannah to have fifty dollars more than Lucy or Joshua."

Hannah was married to Thomas Gifford in May, 1863 ; a few

days thereafter, she deeded this property to Alfred Chase. The defendant claims the demanded premises by sundry mesne conveyances, which were admitted to be in regular form, from said Hannah and her grantees, and they have occupied the premises ever since.

The only question presented is the construction and legal effect of said deed from William F. Randall to his daughter, Hannah. The law court to determine the legal rights of the parties, and judgment to be entered accordingly.

*S. S. Brown & E. O. Howard*, for the plaintiff, contended : That the condition in the deed was a conditional limitation, rather than a condition subsequent, and therefore not void. 1 Story's Eq. 284, § 291. I Wash. R. Prop. 458–489, § 28. 2 Black, 155–156. *Parsons* v. *Winslow*, 6 Mass. 178.

But if a condition subsequent, then the condition may be good. The deed in no event is to be entirely void because grantee takes, at any event, certain rights, though not the land. 2 Redf. Wills, 292, § 22. *Creagh* v. *Wilson*, 2 Vt. 572. *Sillet* v. *Wray*, 1 P. Wms. 284.

In regard to the exact rule as to conditions in restraint of marriage, the apparent tendency of the decided cases seems to be this : Where the condition is reasonable, or amounts to a limitation, and there is a grant over, it is valid; but where it is unreasonable, and there is no grant over, it is regarded as *in terrorem* merely, and void. 1 Story's Eq. 283, § 291 *b*–291 *d*. *Id.* § 291 *e*. 2 Redf. Wills, 298.

*E. W. & F. E. McFadden*, for the defendant.

PETERS, J. If a condition in restraint of marriage is annexed to a devise or conveyance of real estate, and the condition is subsequent and of a general character, it is held by the law to be void. (Whether this doctrine applies to the widow of a testator or not is held differently by different courts.) If the condition be partial, and not general, as where it relates to the time when or the place where or the person with whom a marriage may take place, then it may or may not be void according as the condition imposed may be considered reasonable or otherwise.

In this case the grantor conveyed a parcel of land to his daughter Hannah, with a proviso that the gift was to stand if she remained single, otherwise the land to be divided among his three children, Hannah to have fifty dollars more than either of the others. Here the fee must have vested in Hannah, because it might have been in her and her heirs forever; the condition was subsequent and general; and the condition was void.

The counsel for the plaintiff, admitting the general principle to be as stated, seeks to avoid its application to this deed upon several grounds.

It is argued that the condition here is special and limited and not general, because the forfeiture was not to be of the whole estate conveyed. Hannah was in the event of marriage to have a portion of it. This does not bring the case within any recognized exceptions to the rule. There was to be an absolute forfeiture of an interest, if she married. It would be impracticable for the law to make distinctions as to amounts or values. The condition is nugatory whether it requires one sum or another to be forfeited. It is the character of the condition that makes it void or valid, and not the amount depending upon it. The less the amount to be forfeited, the less the importance of the condition requiring forfeiture. There are many cases among the reported decisions where the condition has been of an alternative character, the legatee to have one sum marrying and another sum not marrying, in which the distinction now called for has not been noticed. Such an exception would easily abrogate the rule itself.

The counsel for the plaintiff further contends that this is a conditional deed with a limitation over, and that therefore the condition is valid. Most courts (not all) admit the doctrine that a condition in restraint of marriage will be upheld when there is a valid gift or limitation over. The court of Massachusetts, as long ago as in 1810, doubted whether this would be regarded as a reasonable doctrine if it had then been presented as an original question. *Parsons* v. *Winslow*, 6 Mass. 169, 181. And Chancellor Kent says the distinction has been supposed to be more refined and subtle than solid. 4 Kent Com. 127. Judge Story gives as a reason, why the condition is treated as ineffectual in case of not

giving the estate over, that the testator is deemed to use the condition *in terrorem* only or he would make some other disposition of the bequest provided the condition is not kept. Other reasons are also assigned by other writers. One reason is that courts cannot relieve against the forfeiture in such case without doing an injury to the person to whom the estate is limited over. Bac. Abr. Conditional Legacies. Where the gift is until marriage and no longer and then over, there is nothing to carry the gift beyond marriage. *Morley* v. *Rennoldson*, 2 Hare. 570.

But we are of opinion that the provision in the deed in this case for giving over the estate is null and void. A limitation over to one's heirs is of no effect, for the reason that the estate would descend to the heirs in case of forfeiture whether there was a limitation or not. A forfeiture to the grantor's heirs is therefore no forfeiture. To be valid it must be to a stranger. The presumption is that his heirs have been reasonably provided for by the testator or grantor without a forfeiture for their benefit. The title by descent is, in estimation of law, the worthier title. This is an old principle of the law, and clearly stated in the cases following. *Parsons* v. *Winslow*, 6 Mass. 169. *Whitney* v. *Whitney*, 14 Mass. 88, 90. See authorities cited in the above cases. *Otis* v. *Prince*, 10 Gray, 581. *Stearns* v. *Godfrey*, 16 Maine, 158. *Roper Leg.*, original page 763, *et seq.*, and cases cited.

The plaintiff further contends that this is not a limitation to the grantor's heirs, but in effect a gift over to strangers, because the provision is that the property is to go to the heirs in unequal shares, Hannah having the most, and not as the law would apportion it. There may be several answers to this suggestion. The greater proportion is to the grantee herself. The testamentary provision of allowing Hannah the extra $50 is not such as can be made effectual by deed. But even if a charge upon the estate in equity, the division among the heirs to be subject to it, the rule before stated applies just as strongly. Again, the remainder is not given to the children and their heirs, but creates a life estate in them only.

Taking into consideration all the objections that may be urged against it, we have no doubt that the crude and ill-defined limita-

tion attempted by the grantor in the deed is of no legal effect and utterly void.

*Plaintiff nonsuit.*

APPLETON, C. J., DANFORTH, VIRGIN and LIBBEY, JJ., concurred.