# Richmond.

## SMYTHE v. SMYTHE.

### MARCH 22d, 1894.

1. WILLS—*Construction—Power to sell.*—Testator bequeaths his estate to his two sisters for their lives, with power to sell if they deem it desirable, but desires them to reinvest or loan the proceeds in some safe manner and avoid consuming the principal; and at the death or marriage of both, any property remaining to go to his adopted son : *held,* the bequest gives the sisters not an absolute fee simple, but only a life estate, with a valid limitation over to the adopted son.

2. IDEM—*Restraint of marriage.*—A condition in such a devise to testator's sisters that they are to remain sole, and that in case of either marrying, the property shall thenceforth be enjoyed by the one remaining sole, *held* null and void as placing a restraint upon marriage.

Appeal from decree of circuit court of Tazewell county, rendered December 9, 1892, in a chancery cause wherein Kate A. Smythe was complainant and Mattie R. Smythe, James O'Keefe, Mary S. O'Keefe, and Claude Allison, an infant, were defendants. The complainant regarding the decree of the circuit court as adverse, appealed. Opinion states the case.

*Henry & Graham,* for appellant.

*J. H. Stuart,* for appellees.

FAUNTLEROY, J., delivered the opinion of the court.

The suit is a friendly suit, instituted to obtain a judicial construction of the last will and testament of Caroline H. Peery,

deceased, and for the ratification and confirmation by the court of a provisional contract for the sale of the real estate devised by the said will.

The will is as follows: "I give and bequeath unto my two sisters, Kate A., and Mattie R. Smythe, all my estate of every kind, both real and personal, of which I may die seized, to be by them used and enjoyed during their natural lives. But the benefits of this bequest are to continue to my said two sisters upon the condition that they shall remain sole. Should either marry, the said property so bequeathed as aforesaid, shall thenceforth be possessed and enjoyed by such one as shall remain sole. The use and enjoyment of said property shall be unrestricted to my said two sisters during their natural lives should they remain sole, carrying with such use and enjoyment the right to sell and convey said real estate should they find it desirable to do so; but I desire that they *shall* reinvest or loan the proceeds of such sale in some safe manner, and, as far as possible, avoid the consumption of the principal; and at the death of my two sisters, or the marriage of both, I desire whatever of my estate may remain, shall vest in and become the property of the little boy, Claude Allison, whom I have adopted."

The bill of complainant states that, on the 1st day of October, 1892, they, the said Kate A. Smythe and Mattie R. Smythe, as devisees of the said testatrix, under the discretion given to them in the said will, contracted to sell the said real estate so devised to them as aforesaid, to James O'Keefe and Mary S. O'Keefe "for a good, and indeed, an excellent price, and they pray that the said sale may be ratified and confirmed by the court."

The circuit court, in the decree appealed from, held that the devisees, Kate A. Smythe and Mattie R. Smythe, had the right to sell and convey the land to the purchasers, James O'Keefe and Mary S. O'Keefe, as set out in the written contract exhibited with the bill, and decreed the confirmation of the said

sale. And also, that the condition placed upon the devise in restraint of marriage is null and void. Of which said points in the decree there is no complaint. The court, in its said decree, decided that Kate A. Smythe and Mattie R. Smythe take under the will only a life estate, and do not take an absolute fee simple estate in the real estate devised by the will; and that the limitation over to the adopted child of the testatrix, Claude Allison, is good. That this case is distinguished from the cases of *May* v. *Joynes, &c.*, 20 Gratt., and *Cole* v. *Cole*, 79 Va., and that line of cases, in that the intention of the testatrix, as gathered from the language of the will, construed as a whole, is manifest and express to give only a life estate to her two sisters and devisees, Kate A. Smythe and Mattie R. Smythe, coupled with the power of sale and reinvestment or loan; and the right to sell and reinvest in some safe manner is coupled with the behest that, as far as possible, the consumption of the principal shall be avoided. And the specific direction to reinvest or loan the proceeds of the sale of the real estate (if made at all) clearly intends *not* to vest the proceeds of sale or any part of it, in the said devisees absolutely, but only for their natural lives, with remainder in fee to the little boy, Claude Allison, the adopted child of the testatrix.

We are of opinion that the construction of the will by the circuit court, as aforesaid, is just and proper. In the case of *May* v. *Joynes* the limitation or remainder over of whatever may remain at her death followed the devise, with power of unrestricted and unlimited disposal, in any manner, by deed or will, and expressly subject to debts or legacies of the first taker; but in Mrs. Peery's will the estate is given for use and enjoyment during the natural lives of the devisees, with the power of sale coupled with the direction of the testatrix, that "they *shall* reinvest or loan the proceeds of such sale in some safe manner, and, as far as possible, avoid the consumption of the principal; and at the death of my two sisters, or the marriage of both, I desire whatever of my estate may remain (so

invested or loaned in some safe manner) shall vest in and become the property of the little boy, Claude, whom I have adopted."

We do not think that a just and fair construction of this will will defeat the expressed and indisputable intention of the testatrix, by holding that the *legal operation* of the terms of the will gives to the devisees an absolute estate in fee simple; *non obstanto* "the plain intention to the contrary appearing by the will itself." It is plainly provided in the will that the devisees—the two sisters of the testatrix—shall enjoy and consume the rents and profits of the land devised, or if sold, use the interest of the proceeds of sale, which shall be reinvested or loaned in some safe manner so as to avoid, as far as the contingences of life and experience will make it possible, the consumption or diminution of the principal, which, at the death of the said devisees, shall vest in and be the property of the remainderman, Claude Allison. The fund is a large one— $9,325—and will afford ample support to the two unmarried sisters and devisees of the testatrix for their natural lives.

The other details of the decree are not complained of; and our judgment is to affirm the decree of the circuit court of Tazewell appealed from.

LEWIS, P., and RICHARDSON, J., dissented.

DECREE AFFIRMED.