# Richmond

ROBERT E. SKINNER, ET ALS. V. MARY E. SKINNER'S
ADMINISTRATOR, ET ALS.

March 24, 1932.

Present, Holt, Epes, Hudgins, Browning and Chinn, JJ.

The opinion states the case.

*Allen & Jefferson,* for the appellants.

*Ozlin & Ozlin,* for the appellees.

BROWNING, J., delivered the opinion of the court.

J. R. Skinner, a resident of the county of Lunenburg, Va., died in the year 1923. He left a considerable estate of both real and personal property which was disposed of by his will, dated January 8, 1920. This will was duly admitted to probate on the 10th of July, 1923. He left surviving him, six children and his widow, Mary E. Skinner. Mr. Skinner was married three times. He had no children by his first wife but by his second wife he had six children, who survived him. There were no children of the third marriage. The widow, Mary E. Skinner, died in the year 1930, intestate. This suit was instituted by five of the surviving children of the said J. R. Skinner, for the purpose of construing his will. The son who was practically disinherited was not a party to this suit. Mrs. Mary E. Skinner died leaving an estate consisting of personal property of approximately $4,000.00 in value, all of which was derived from her husband, J. R. Skinner, under the said will.

This is a contest between the heirs of J. R. Skinner and those of Mary E. Skinner, both claiming, under the said will, the $4,000.00 of personal property, which the said Mary E. Skinner left at her death. The issues between the parties depend upon the construction of the third and sixth clauses of the will, which are as follows:

. "Third: I bequeath my entire estate both real and personal to my beloved wife, Mary E. Skinner, and to my children, namely: Maude Irene, Adelaide, Lizzie Effie, Robert Emile, Katie Alferena, and Jessie Randolph, to

share and share alike, except as provided in clauses fourth, fifth and sixth of this will and testament.

"Sixth: It is my intention that the equal share bequeathed to my beloved wife, Mary E. Skinner, shall be in lieu of the usual life right in one-third of the estate, and that upon her death such remaining part of this bequest as she shall die possessed of, if any, shall revert to my estate."

The fourth clause of the will gives to the son, Jesse Randolph, what was known as the "Home Place," "as a part of his equal share." The fifth clause gives the sum of $250.00 to his son, Samuel L. Skinner, as his full share in the estate. Thus it will be seen that with these latter clauses we are not concerned.

By their bill, the complainants, appellants here, claimed that the property, consisting of sixteen shares of the capital stock of the Bank of Lunenburg, representing about $1,200.00, in value, and the residue of $4,000.00 represented by a certificate of deposit in said bank, of which Mary E. Skinner died possessed, reverted to the estate of the testator, under the terms of the said clauses of his will, and thus passed to his heirs or devisees. This claim is based upon the contention that the intention of the testator was to give his wife, Mary E. Skinner, a "child's part" of his estate, to be used by her during her life, as she might choose, provided only that such portion as she did not use should go back to his estate rather than to her heirs—in other words she took a life estate in one-seventh of his property, with full power of disposition, providing, nevertheless, that such portion as she did not dispose of in her lifetime should revert to his estate.

The defendants, P. E. Bishop, administrator of the estate of Mary E. Skinner, deceased, Mrs. Edley Bishop, and the Bank of Lunenburg, demurred to the bill, asserting that the plaintiff took no interest under the will of J. R. Skinner but that Mary E. Skinner was devised and bequeathed the property, which she took thereunder, in fee simple, and in

absolute estate, with full power of disposition, and any attempted limitation over was repugnant and void.

The trial court sustained the demurrer and dismissed the bill, holding that the said will created such an estate in Mary E. Skinner that her heirs were entitled to all of the property of which she died possessed, which was derived from the estate of the testator.

We are thus confronted with an issue which has been the source of litigation in Virginia for generations. It is almost archaic. Our reports teem with the decisions and it would effect no needful purpose to reiterate them.

In the case of *May* v. *Joynes*, 20 Gratt. (61 Va.) 692, it was held that limitations over, after a devise *for life*, with unlimited power in the first taker to dispose of the subject, were void for repugnancy, and the fee vested in the first taker. In 1908, the Virginia legislature passed an act the purpose of which was to abolish or modify this doctrine, so as to preserve the remainder, when the life tenant died, leaving undisposed, unused or unconsumed, any portion of the estate or property acquired under the will. In the wisdom and judgment of the revisors of the Code of Virginia of 1919, this act went too far. They seemed to see it probably sweeping away what had become a canon of property and so out of their crucible came the present section of the Code, section 5147, and upon this section complainants' counsel rely, to sustain their position, after apparently satisfying themselves that Mary E. Skinner was a life tenant of the share of her husband's estate which she took under his will. If she was a life tenant, then counsel are quite accurate and correct in their deductions as to the effect of this Code section. The applicable part of this section is as follows: "If any interest in or claim to real estate or personal property be disposed of by deed or will *for life*, with a limitation in remainder over, and in the same instrument there be conferred, expressly or by implication, a power upon the

life tenant in his life time or by will to dispose absolutely of said property, the limitation in remainder over shall not fail or be defeated, except to the extent that the life tenant shall have lawfully exercised such power of disposal * *." (Italics supplied.)

The revisors who framed this section, as it exists, made this note on the subject: "Revisors' note—The first paragraph of this section is section 2418 of the Code of 1887, without change. The second paragraph is a modification of the amendment of 1908 (Acts 1908, page 187), the primary object of which was to abolish the doctrine of *May* v. *Joynes*, 20 Gratt. (61 Va.) 692. This paragraph is expressly restricted to devises and bequests for life, with absolute power of disposition. The act of 1908 did not contain the words 'for life,' as to which see Minor on Real Prop., section 858. For a valuable discussion of the law relating to the doctrine of *May* v. *Joynes*, see Graves' Notes on Real Prop. (New) sections 242 to 248."

Judge Burks, one of the revisors, in his address on the Code of 1919, reported in 5 Va. Law Register (N. S.) 97, at page 109, says: "Perhaps no statute in Virginia has been the subject of more speculation as to its meaning than the act of 1908 amending section 2418 of the Code of 1887, the primary object of which amendment was to abolish the law commonly known as the doctrine of *May* v. *Joynes*. The revisors redrafted the amendment, and have sought to improve its phraseology. Its meaning also has probably been changed. The revised section is expressly restricted to *devises and bequests for life*, with absolute power of disposition. The act of 1908 did not contain the words 'for life,' and the language was broad enough to apply to a class of limitations which was probably not intended to be affected by the act." (Italics supplied.)

'It is at once seen that the revisors accentuated the words

"for life," which are of pivotal importance in section 5147, furnishing its vitality in changing the meaning of the act of 1908.

Counsel for the complainants urge that the two clauses, in question, of the will must be read together, and when this is done it becomes apparent that the intention of the testator was to make his wife, Mary E. Skinner, a life tenant of his bounty to her. Let us see. It cannot be successfully controverted, we think, that by clause three all of the devisees and legatees mentioned, of whom Mary E. Skinner was one, were given a fee simple estate in the shares of the property devised or bequeathed to them. They were given their parts outright by apt and effective phraseology. There was no suggestion of a life estate. Then if this is true, it was the intention of the testator so to do. It was his major primary intention. The testator, however, undertakes to qualify his bequest to his wife by the reference, "except as provided in clauses fourth, fifth, and sixth of this will and testament." In clause sixth he declares that it is his *intention* that the equal share bequeathed to his wife shall be in lieu of the usual *life* right in the estate, which would go to her, but if anything remained at her death it should revert to his estate. Here he undertakes to accomplish something that the law does not allow. He has given his wife an estate in fee simple because he has given her the absolute dominion over it. She may do what she will with it.

In the case of *Davis* v. *Kendall*, 130 Va. 175, 107 S. E. 751, 752, we find this principle clearly and comprehensively expressed: "In *May* v. *Joynes*, the language construed plainly evinced the testator's purpose to give his wife the absolute power over the entire estate for her own purposes. This obviously gave her a fee as to the real estate, and an absolute property in the personal estate. 'The power of absolute disposition is the eminent quality of absolute

property.' He who has absolute power over an estate thereby acquires the absolute property. Hence the conclusion of the court, *supra*, with respect to the character of the estate taken by the devisee, merely makes effective the manifest *primary* intent of the testator. But the *secondary* intent of the testator to dispose of any portion of the fee unused, or unappropriated by the devisee for her purposes, is frustrated by the court, which holds that the limitation over of whatever remains at the death of the wife is inconsistent with, and repugnant to, the fee simple, and therefore void for uncertainty." (Italics supplied.)

\* \* \* . \* \* \* \* \* \* \* \*

"If the absolute dominion is given, it is just as if the fee simple itself is given. Hence, in each case, it is important to determine whether absolute dominion has been afforded. The intent of the testator on the whole, if it can be ascertained, will aid in this determination. Unlimited power to use the estate for support and maintenance is plainly intended in many of the cases cited, and that purpose is directly stated in *Rolley* v. *Rolley* [109 Va. 449, 63 S. E. 988, 21 L. R. A. (N. S.) 64], *Brown* v. *Strother* [102 Va. 145, 47 S. E. 236], and other cases, *supra*.

\* \* \* \* \* . \* \* \* \* \* \*

"In many of these cases the fee is given expressly, or by necessary implication, for the stated purpose of providing for the support and maintenance of the first taker. In other cases the fee is given directly, or by implication, though the purpose thereof is not stated; but the fee, in terms or by necessary implication, is lodged in the first taker without restrictions, and may be simply and readily used by him for support, or for any other purpose. The donee in many cases is not restricted to a life estate, for the manifest reason that it is clearly the intention of the donor for the fee to pass. Hence, this intent is made effective by the court. " 'The estate conveyed being the testator's, his will

is the law of the court, *unless that will be against the law of the land.*" (Italics supplied.) "Hence, when he plainly intends a fee, even though the testator's expression is inartificial, a fee is given, but his intent to limit a remainder on a fee is avoided, *not that the court fails to perceive the intent, but because it is against the law.*" (Italics supplied.)

In *Conrad* v. *Conrad's Ex'r*, 123 Va. 711, 97 S. E. 336, 339, Judge Burks, speaking for the court, said: "In a long line of decisions in this State from *Shermer* v. *Shermer*, 1 Wash. (1 Va.) 266, 1 Am. Dec. 460, to *Smith* v. *Smith*, 122 Va. 341, 94 S. E. 777, it has been held that, where a person is given absolute dominion over property, whether the estate be legal or equitable, this constitutes a gift of the property itself, and that any gift over of 'what remains at her death,' or 'such part as she may not appropriate,' or the like, is void. The language of the gift over varies, but the same conclusion is reached. If the power is conferred, it is immaterial whether it is exercised or not. \* \* \* and the rule is so firmly settled that it has become a rule of property, and we do not feel at liberty to depart from it. In *Brown* v. *Strother*, 102 Va. 145, 47 S. E. 236, the gift was to a brother and sister of 'all I possess on earth *for their support, to be used in no other way,*' and 'if there is anything left after their death,' there was a gift over to others; but the latter was held void. In *Rolley* v. *Rolley*, 109 Va. 449, 63 S. E. 988, 21 L. R. A. (N. S.) 64, the gift was to the wife, 'to be used and enjoyed by her, in such quantities as may be requisite for *her comfortable maintenance* so long as she shall remain my widow,' and, in *Randall* v. *Harrison*, 109 Va. 686, 64 S. E. 992, the gift was to the wife, and the testator, after stating that he was apprehensive that after paying his debts there would not be enough left from the proceeds to give her *a decent maintenance* 'from the interest in such residue,' authorized his wife to use 'any and all of the principal,' declaring, however:

" 'But it is my wish and injunction, which I know will be faithfully carried out by my dear wife, that the principal of any amount left from my estate be drawn upon to supply her own necessities.'

"In each of these cases it was held that the wife took a fee in the real estate and an absolute estate in the personalty, and that the gift over 'of all the property  *  *  *  which shall then be unconsumed' in the first case, and 'of anything that may be left' in the other case, was void."

We think the will of J. R. Skinner invested his widow, Mary E. Skinner, with a fee simple estate in that portion of his estate given to her and that the attempted limitation over of any portion remaining at her death, to revert to his estate, was void for repugnancy and uncertainty.

The section of the Code (section 5147) has no application because Mary E. Skinner was not a life tenant, the bequest was not to her for life either by express words or by implication.

It appears that the certificate of deposit in the Bank of Lunenburg, which was found in Mrs. Skinner's bank box, was made payable to Mary E. Skinner or Mrs. Edley Bishop, and that it is now claimed by Mrs. Bishop, the survivor. As to this we have to say that the trial court did not decide this question, indeed it made no reference to it, and we do not perceive that it is before us.   We affirm the decree of the trial court.

*Affirmed.*