## CIRCUIT COURT OF THE CITY OF RICHMOND

United Virginia Bank

v.

W. Preston Baldwin, Jr., etc., et al.

May 17, 1977

Case No. D-9741-3

By JUDGE WILLARD I. WALKER

In this bill of complaint for aid and guidance brought by the trustee, United Virginia Bank, the court is asked to construe the provisions of paragraph 8 of the trust agreement executed by Florence H. Baldwin (testatrix-grantor) on August 13, 1951, and last amended on June 5, 1967.

The trustee asks the following questions:

A. Whether the provision in paragraph 8 of the amendment of June 5, 1967, disposing of the residue of the trust corpus violates the rule against perpetuities in that the testatrix could have a grandchild born after her death whose interest would not vest, if at all, until he or she attained twenty-five years of age?

B. If the rule against perpetuities is violated, what disposition should be made of the residue?

C. If the rule against perpetuities is not violated, what are the terms and conditions under which the trustee will hold such trust, and what power does the trustee have?

With respect to the rule against perpetuities, the pertinent language of the June 5, 1967, agreement is as follows:

> Upon the death of the Grantor's son. . . then,
> in such event, the Grantor directs that. . . such
> Trust Fund which may remain in the hands of
> the Trustee shall be paid to the issue of the

Grantor's son (the grandchildren of the Grantor) *per stirpes*, to be held by the Trustee in trust for such period as previously set out in this Paragraph 8.

If the residuum of the trust is not to vest under the terms of this instrument at the time of the death of the grantor's son, then the court would hold that this clause does violate the rule against perpetuities. However, Virginia courts have favored the vesting of estates, and in doubtful cases have traditionally leaned in favor of construing language as creating vesting rather than contingent remainders. *Commonwealth* v. *Wellford*, 114 Va. 372 (1912); *Meek* v. *Fox*, 118 Va. 774 (1916).

It has long been held in Virginia and other jurisdictions that the rule against perpetuities does not apply to vested estates, or to estates vested subject to divestment, but applies only to contingent estates, *White* v. *National Bank*, 212 Va. 568 (1972). The court's construction of this language is that it creates a vesting of this residuum trust in the issue of the grantor's son (the grandchildren of the grantor) with a postponement of enjoyment to these residuary beneficiaries of the trust until age twenty-five. This being true, the subject language does not violate the rule against perpetuities.

The remaining question is what are the trustee's powers with respect to the residuary trust.

With respect to the administration of the trust funds by the trustee during the life of the grantor's son, the instrument is plain on its face as to the powers possessed by the trustee.

As to the administration of the trust fund for the infant beneficiaries, should that event occur, the language on the last page of the agreement does not clearly spell out the powers of the trustee. The trustee's powers in administering the residuary trust shall be the same as the trustee's powers set forth in paragraph 8 for the administration of the two ten thousand dollar trusts.